IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 07-0110

_____

IN RE AMENDMENTS TO THE
UNIFORM DISTRICT COURT RULES                                   O R D E R

_____

We hereby adopt the attached Montana Uniform District Court Rules, which reflect several amendments to those Rules. Specifically, in Rule 1(a)(5), we have simplified the requirements for the type of recycled paper to be used in court filings, reflecting an upcoming change to the Montana Rules of Appellate Procedure. Second, in the opening clause of Rule 10, we have added a reference to our recent express authorization of limited scope representation by Montana attorneys via amendments to the Rules of Professional Conduct and the Rules of Civil Procedure. Finally, we have made technical changes substituting references to "counsel" with references to "parties" and substituting gender-neutral phrases for references to "he" and "him." In all other substantive respects, the Rules are unchanged.

The attached Montana Uniform District Court Rules shall become effective on October 1, 2011. They shall be published on the Court's website, and we ask the State Bar of Montana to publish them in the next edition of its Lawyers Deskbook & Directory. We also ask the Montana Legislative Services Division to publish this updated version of the Rules in Title 25, chapter 19 of the Montana Code Annotated, except that publication in the Montana Code Annotated need not include the juror questionnaire form appended to the Rules attached to this Order.

The Clerk is directed to provide copies of this order to the State Law Library, all District Judges of the State of Montana, each member of the Uniform District Court Rules Commission, the State Bar of Montana, Thomson-Reuters, and the Montana Legislative Services Division.

DATED this 15th day of March, 2011.

/S/ MIKE McGRATH

/S/ BETH BAKER

/S/ MICHAEL E WHEAT

/S/ PATRICIA COTTER

/S/ JAMES C. NELSON

/S/ BRIAN MORRIS

/S/ JIM RICE

# MONTANA UNIFORM DISTRICT COURT RULES

**Rule 1 – Form of Papers Presented for Filing.**

(a) Papers Defined. The word "papers" as used in this Rule includes all documents and copies except exhibits and records on appeal from lower courts.

(b) Pagination, Printing, Etc. All papers shall be:

(1) Typewritten, printed or equivalent;

(2) Clear and permanent;

(3) Equally legible to printing;

(4) Of type not smaller than pica;

(5) Only on standard quality opaque, unglazed, recycled paper, 8 1/2" x 11" in size. [Additional language deleted to match M. R. App. P. 11 revisions.]

(6) Printed one side only, except copies of briefs may be printed on both sides. The original brief shall be printed on one side.

(7) Lines unnumbered or numbered consecutively from the top;

(8) Spaced one and one-half or double;

(9) Page numbered consecutively at the bottom; and

(10) Bound firmly at the top. Matters such as property descriptions or direct quotes may be single spaced. Extraneous documents not in the above format and not readily conformable may be filed in their original form and length.

(c) Format. The first page of all papers shall conform to the following:

(1) Commencing at line 1 at the left margin, single spaced, shall be the name of the attorney or party responsible for the pleadings, together with the telephone number and complete mailing address for service of papers.

(2) Lines 1 through 7 of the right one-half of the page shall be left blank for the use of the clerk.

(3) One or below line 8, the title of the court.

(4) Commencing at line 9 or below on the left, the title of the case.

(5) On the right and opposite the title of the case, the case number and identification of the document being filed.

(6) Nonconforming papers may not be filed without leave of the court.

(d) Changes, Conformance of Copies. Additions, deletions or interlineations shall be initialed by the clerk or Judge at the time of filing. All copies served shall conform to the original as filed.

**Rule 2 – Motions.**

(a) Upon filing a motion or within five days thereafter, the moving party shall file a brief. The brief may be accompanied by appropriate supporting documents. Within ten days thereafter the opposing party shall file an answer brief which also may be accompanied by appropriate supporting documents. Within ten days thereafter movant may file a reply brief or other appropriate responsive documents.

(b) Failure to File Briefs.  Failure to file briefs may subject the motion to summary ruling.  Failure to file a brief within five days by the moving party shall be deemed an admission that the motion is without merit.  Failure to file an answer brief by the opposing party within ten days shall be deemed an admission that the motion is well taken.  Reply briefs by movant are optional, and failure to file will not subject a motion to summary ruling.

(c) Oral Argument.  The court may order oral argument sua sponte or upon application of a party.

(d) When Motion Deemed Submitted.  Unless oral argument is ordered, or unless the time is enlarged by the court, the motion is deemed submitted at the expiration of any of the applicable time limits set forth above without supporting briefs having been filed.  If oral argument is ordered, the motion will be deemed submitted at the close of argument unless the court orders additional briefs, in which case the motion will be deemed submitted as of the date designated as the time for filing the final brief.

(e) In the event of conflict, the Montana Rules of Civil Procedure shall control.  Time computation shall be governed by Rule 6, M. R. Civ. P.

## Rule 3 – Ex Parte Matters.

(a) Extensions of time to further plead, file briefs, combine a hearing on a motion and other permissible ex parte matters may be granted by order of the court upon written application.

(b) Prior to the issuance of an ex parte order, the party seeking such order must file a written certification with the court declaring that the opposing party has been contacted and given reasonable notice of:

(1) the time and place of the ex parte conference or meeting;

(2) the substance of the order sought;

(3) whether the opposing party opposes the motion.

(c) All requests for extension of time or continuance or other ex parte matters shall be accompanied by an appropriate form or order, with sufficient copies for the clerk to mail to all opposing parties.

(d) Except as otherwise provided by these Rules or statute, no document, including briefs, proposed orders and proposed judgments, may be presented to the court at any time unless it is first filed with the court and served on all parties.

## Rule 4 – Filing of Discovery.

(a) Depositions upon oral or written examinations, interrogatories and answers thereto, requests for production of documents and responses thereto, and requests for admissions and responses thereto shall not be routinely filed.  When any motion is filed making reference to discovery, the party filing the motion shall submit with the motion relevant unfiled documents.

(b) The pre-trial order shall identify all those portions of depositions, interrogatories, requests for admissions and answers and responses thereto that the parties intend to introduce into evidence.


**Rule 5 – Pre-Trial Order and Pre-Trial Conference.**
(a) Pre-trial. Unless otherwise ordered by the court, a pre-trial conference shall be held in all contested civil cases.
(b) Not later than five days prior to the pre-trial conference, Plaintiff shall convene a conference of all parties for the purpose of preparing a pre-trial order. The proposed pre-trial order shall be presented for signature at the pre-trial conference. In the event of a dispute as to the contents of the order, such dispute shall be presented to the judge for resolution at the pre-trial conference.
(c) Pre-trial Order. The pre-trial order shall be substantially in the following form:

(TITLE OF COURT AND CAUSE)

Pursuant to Rule 16 of the Montana Rules of Civil Procedure, a pre-trial conference was held in the above-entitled cause on the ____ day of _____, 20__, at ___ o'clock __.m.
_____ represented the plaintiff(s).
_____ represented the defendant(s).
_____
_____ (other appearances) were also present.

AGREED FACTS

The following facts are admitted, agreed to be true, and require no proof:
(Here enumerate all agreed facts, including facts admitted in the pleadings.)
PLAINTIFF'S CONTENTIONS
Plaintiff's contentions are as follows:
1.
2.

DEFENDANT'S CONTENTIONS

1.
2.

EXHIBITS

Attached to the pre-trial order are exhibit lists identifying by number and brief description each exhibit and stating any objections to the exhibits. Any exhibit offered at the trial to which no objection was made in the pre-trial order will be admitted into evidence.

WITNESSES

The following witnesses and no others will (may) be called to testify except on rebuttal:
Plaintiff
1.
2.

Defendant
1.
2.

## ISSUES OF FACT

The following issues of fact, and no others, remain to be litigated upon the trial: (Here specify each issue.)
1.
2.

## ISSUES OF LAW

The following issues of law, and no others, remain to be litigated upon the trial: (Here set forth a concise statement of each.)
1.
2.

## DISCOVERY

The final pre-trial order shall refer to all those portions of depositions upon oral examination and interrogatories, requests for admissions, and answers and responses that the parties intend to introduce into evidence. Any objections to the use of the above documents shall be stated, and if not stated, shall be deemed waived. (Because this Rule relates to filing and is designed to consolidate in one place all of the fruits of discovery and because there can be no surprise element involved, the court shall be liberal in permitting the amendment of the pre-trial order to include any material not originally listed.)

## ADDITIONAL PRE-TRIAL DISCOVERY

(Here specify any additional discovery contemplated by either party and the time within which such discovery will be completed.)

## STIPULATIONS

(Here include any stipulations in addition to the agreed facts set forth above.)

## DETERMINATION OF LEGAL QUESTIONS IN ADVANCE OF TRIAL

It was agreed that the following legal issues should be determined by the court in advance of the trial.

(Here specify issues and make provision for filing briefs with respect to such issues.)

## ADDITIONAL ISSUES

Additional issues to be determined and/or addressed include:
order of proof where there is a counterclaim;
attorney's fees testimony and/or proof;
time of filing and service of trial briefs and other issues.

## JURY SELECTION AND PROCESS

Order and method of selection, stipulation that jury will be selected or drawn, numbering of panel, number of challenges, time to file instructions, length of time on voir dire.

## TRIAL

It is estimated that the case will require _____ hours/days for trial.

The case will be tried before the court with (without) a jury.

IT IS HEREBY ORDERED that this pre-trial order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

IT IS HEREBY ORDERED that all pleadings herein shall be amended to conform to this pretrial order.

DATED this _____ day of _____, 20___.

_____
District Judge

Approved as to form and content.

_____
Attorney for Plaintiff

_____
Attorney for Defendant


## Rule 6 – Briefs.

All briefs presented to the court at any time will be filed with the court and must forthwith be served on all opposing parties.


## Rule 7 – Jury Instructions and Verdict Forms.

(a) Submission. All proposed jury instructions and verdict forms must be delivered to the court in duplicate and a copy served upon all opposing parties at the time fixed in the pre-trial order. Thereafter additional instructions may be allowed to prevent manifest injustice.

(b) Citation of authorities. Each proposed instruction shall contain at the bottom the source thereof and a citation of authorities, if any, supporting the statement of law therein.

(c) Form. Each instruction shall be on 8 1/2" x 11" paper and shall, after the citations of authorities, indicate the party on whose behalf it is requested and be numbered consecutively. One copy of the instructions filed with the court shall not be firmly bound together.

(d) Request for special findings by jury. Whenever a party desires special findings by a jury he/she shall file with the court and serve a copy upon all opposing parties, in writing, the issues or questions of fact upon which such findings are requested, in proper form for submission to the jury.


## Rule 8 – Findings and Conclusions.

In all matters where the court must enter findings of fact and conclusions of law pursuant to Rule 52, M. R. Civ. P., all parties shall file with the court, and serve upon all opposing parties, at least five days prior to the scheduled trial or hearing, proposed

findings of fact and conclusions of law.  Failure to file proposed findings of fact and conclusions of law in a timely manner shall be cause for appropriate sanction including removal of the case from the trial calendar, dismissal or granting of a judgment, precluding the offending party from presentation of evidence or objecting to evidence submitted by the other party, or such other action as the court deems appropriate.  Post-trial amended and supplemental findings of fact and conclusions of law may be submitted in appropriate circumstances and only upon order of the court.

**Rule 9 – Juror Questionnaire.**

All jurors are requested to complete a questionnaire, the form of which is on file with the clerk in his/her general order file and which contains basic vital statistics and other pertinent information.  The completed forms will only be available to the parties, the attorneys for the parties, judges and court employees.  Others requesting the completed forms must file a Request for Privacy Information with the court.  The jury questionnaire will be destroyed by the clerk's office within a reasonable length of time after the conclusion of the jury term.

**Rule 10 – Death or Removal of Attorney.**

(a) Whenever an attorney representing a party to an action, or in another civil proceeding of any kind is removed, withdraws or ceases to act as such, said attorney must inform the court and all other parties of the full name and address of his/her client and any other information which the court may find appropriate to assist in contacting said party.

(b) Except as allowed or modified by the limited scope of representation rules, when the attorney representing a party to an action or proceeding dies, is removed, withdraws, or ceases to act as such, that party, before any further proceedings are had against him/her must be given notice by any opposing party:

(1) That such party must appoint another attorney or appear in person, and

(2) The date of the trial or of the next hearing or action required in the case, and

(3) That if he/she fails to appoint an attorney or appear in person by a date certain, which may not be less than twenty days from the date of the notice, the action or other proceeding will proceed and may result in a judgment or other order being entered against him/her, by default or otherwise.

(c) Such notice may be by personal service or by certified mail to said party's last known address.

(d) If said party does not appoint another attorney or appear in person within twenty days of the service or mailing of said notice, the action may proceed to judgment. However, copies of all papers and documents required to be served by these Rules and the Rules of Civil Procedure shall be mailed to said party at his/her last known address.

(e) In addition to the foregoing requirements of Rule 10 and before any change or substitution of attorney is effective, whether such change or substitution is occasioned by

the death of the attorney or by his/her removal, withdrawal, ceasing to act, suspension or disbarment, the requirements of sections 37-61-403, 37-61-404 and 37-61-405, MCA, shall have been fully satisfied.

**Rule 11 – Judgments and Decrees.**

Whenever a judgment or decree is signed by the presiding judge it shall be delivered to the clerk and immediately filed in the records of the court and the fee required by law shall be forthwith paid to the clerk. Failure of parties to observe this Rule shall be deemed a contempt of court.

**Rule 12 – Exhibits.**

(a) Every exhibit placed on file or offered in evidence shall be held in the custody of the clerk. Unless there is good reason why the original of an exhibit should be retained, upon application, the court may order a copy filed in its place. Public records offered in evidence may be withdrawn at the conclusion of the hearing on order of the court.

(b) Exhibits may be withdrawn by the party offering them thirty days after a judgment has become final. Forty-five days after a judgment has become final, the clerk may apply to the court for an order to dispose of exhibits, and shall notify the parties of said application. Twenty days after mailing of said notice the court may enter its order authorizing the clerk to dispose of exhibits.

**Rule 13 – Regulation of Attorneys not Admitted to Practice in Montana.**

An attorney seeking to be admitted to practice before the court on a particular case, who is not admitted to the Bar of Montana, and who is authorized to practice law in the highest courts of another state, must at the time of his/her first appearance in a district court in Montana, or within ten days thereafter, and before any further proceedings are had in the matter, join with, of record, an attorney who is admitted to practice in Montana and who is a resident of Montana.

In order to hold secure the just, speedy and inexpensive determination of every action, such local counsel must be furnished with all factual, evidentiary and legal information necessary to act on behalf of the party and must also be vested with full and complete authority to act on behalf of and bind the party in all matters connected with the litigation.

A failure of local counsel to take any action required by the Rules of Civil Procedure or these Rules by lack of authority shall, for the purpose of imposing sanctions, be treated as a refusal to act.

**Rule 14 – Chief District Judge.**

(a) In a multijudge district court of Montana, a chief district judge shall be selected at the beginning of each calendar year, and the position shall rotate among the judges of the district annually, unless the judges of the district agree otherwise.  The rotation shall commence with the most senior district judge.

(b) The duties of the chief district judge shall be to provide for the efficient management of the district court business, in cooperation with the other judges of the district.

**Rule 15 – Local Rules Allowed.**

Nothing in these Rules shall be construed as limiting the power of the district courts from promulgating rules that do not conflict with these Rules.

*PLEASE FILL OUT AND RETURN THE FOLLOWING WITHIN SEVEN (7) DAYS TO*

**MONTANA _____JUDICIAL DISTRICT COURT, _____COUNTY**
*ADDRESS: _____*
*_____, MONTANA _____*
*PHONE: _____*

## QUESTIONNAIRE AS TO QUALIFICATION FOR JURY SERVICE
(PLEASE PRINT OR TYPE)

1. Name: _____ Juror Number: JurorNumber

2. Address _____ City _____ Zip Code _____

3. Please state the round trip mileage from your home to the court _____

4. Telephone: Home _____ Work _____ Cellular _____ Email _____

5. How long have you resided there? _____ Number of years in Montana? _____

6. Married [  ]  Single [  ]     Age _____         Gender:  Male [  ]  Female [  ]

7. Do you have children?  Yes [  ]  No [  ]  Ages _____  Gender _____

8. What education have you had? _____

9. Are you employed at present?  Yes [  ]  No [  ]  Occupation _____

10. Employer's name _____  Employer's Address _____

11. a. If you are married, name of spouse _____

    b. If married, occupation of spouse _____

    c. If retired, or not working, give last occupation _____

    d. If married, give spouse's employer _____

12. Have you ever served as a juror?  Yes [  ]  No [  ]  If so, in what court? _____

13. Have you or any member of your immediate family ever been injured in an accident?  Yes [   ]  No [   ]

    If so, what type? _____

14. Are you or any member of your immediate family involved in law enforcement in any official capacity? Yes [  ]  No [  ]

    If so, briefly explain _____

15. Have you or any member of your immediate family ever been a plaintiff or defendant in a lawsuit?  Yes [  ]  No [  ]

    What type of lawsuit? _____

16. Are you or your spouse related to an attorney? Yes [  ]  No [  ] If so, his/her name and address _____

17. Are you or your spouse presently being represented by an attorney? Yes [  ]  No [  ]  If so, his/her name and

    address _____

18. Do you have any disability which you feel would make it difficult to serve on a jury?  Yes [  ]  No [  ]  If so, briefly

    explain the disability and the accommodations we need to provide to enable you to serve on a jury. _____

    _____

19. In order to be eligible to serve as a trial juror, you must be 18 years of age or older, a resident for at least 30 days of the state and of the city, town or county in which you are called for jury duty, a citizen of the United States and not convicted of malfeasance in office or any felony or other high crime, the sentence of which has not yet expired or the fine not yet paid.

20. Do you feel you should be excused from serving as a juror because of undue hardship or because you do not meet the eligibility requirements for jury service?  Yes [  ]  No [  ]  If you answered "yes", please complete the Affidavit For Excusal on the reverse side and have your signature notarized and return to the address above.

I certify that the foregoing statements are true to the best of my knowledge and belief.

SIGNATURE _____ DATE _____

# Affidavit for Excusal

State of Montana

County of _____

JurorName
JurorMailingAddress
JurorMailingCity, JurorMailingState  JurorMailingZip

_____ (Print Name) being sworn on his/her oath, deposes and says:
Affiant is informed that he/she has been called as a trial juror in the District Court of _____ County of the State of Montana, to be held at _____, Montana; Affiant is applying for the following excusal and requests the Court's review:

☐ PERMANENT EXCLUSION – Must be chronically incapacitated by illness or injury (include Physician's certification), or a change of residence to outside _____County. If Court approves, the Affiant will be permanently excused from jury service.
_____
_____

☐ UNDUE HARDSHIP – Must state occupation and specific facts which Affiant believes constitutes undue hardship; having in mind jury service constitutes a duty of every competent citizen.
_____
_____
_____

Note: If the Court denies your excuse, you may again submit an excuse request if you are called again for a specific trial date (e.g., military service, move, college, long-planned vacation, employment out of state, snowbird, unusual personal circumstance). If you know you will be gone for a specific period of time, please list it here:
_____
_____

_____
Signature of Prospective Juror

SUBSCRIBED AND SWORN to before me this _____day of_____, 20_____

_____
Notary Public for the State of Montana
Residing at: _____(NOTARY SEAL)
My Commission expires: _____

| APPROVED |
| NOT APPROVED |

COMMENTS: _____

_____

DATED this _____day of_____, 20_____

_____
District Judge

JurorName
JurorMailingAddress
JurorMailingCity, JurorMailingState  JurorMailingZip